# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3940

_____

Maggie Jones; Cardelia Brown,    *

   *

       Plaintiffs,    *

   *

Frances Fairchild; Janice Coleman;    *
Wareen Ford,    *

   *

       Plaintiffs/Appellants,    *

   *

Yvette Bell; Gloria Netter,    *
Individually and on behalf of all others    *
similarly situated,    *    Appeal from the United States

   *    District Court for the Eastern

       Plaintiffs,    *    District of Missouri.

   *

Vaughn Tenant Association, on behalf    *    [UNPUBLISHED]
of itself and its members; Annette    *
Coleman; Elmerrine Smith; Brenda    *
Scaife; Sherlonda Crawford; Angela    *
Scott, Individually and on behalf of all    *
others similarly situated; Frances Ivery;    *
Charlene Moore,    *

   *

       Plaintiffs/Appellants,    *

   *

      v.    *

   *

United States Department of Housing    *
and Urban Development; St. Louis    *
Housing Authority, a Municipal    *
Corporation,    *

                                                          *
                    Defendants/Appellees,               *
                                                          *
Alan R. Ray, in his official capacity                    *
as Executive Director of the St. Louis                   *
Housing Authority; Jack Kemp,                            *
                                                          *
                    Defendants,                          *
                                                          *
Henry G. Cisneros, in his official                       *
capacity as Secretary of the United                      *
States Department of Housing and                         *
Urban Development; Victor De La                          *
Cruz, in his official capacity as                        *
Executive Director of the St. Louis                      *
Housing Authority; Cheryl A. Lovell,                     *
Executive Director of St. Louis                          *
Housing Authority; Mel Martinez,                         *
Secretary of Housing and Urban                           *
Development,                                             *
                                                          *
                    Defendants/Appellees.               *

                              _____

                       Submitted: May 14, 2003

                        Filed: June 25, 2003
                              _____

Before WOLLMAN and BEAM, Circuit Judges, and NANGLE,[1] District Judge.
                              _____

PER CURIAM.

_____

        [1]The Honorable John F. Nangle, United States District Judge for the Eastern
District of Missouri, sitting by designation.

Residents of two housing projects in St. Louis filed separate actions[2] in the United States District Court for the Eastern District of Missouri against the St. Louis Housing Authority (SLHA) and the United States Department of Housing and Urban Development (HUD). The suits sought to enforce replacement housing requirements and to deter discrimination following the demolition of the Vaughn public housing development and the disposition of the University House public housing development. The district court[3] certified plaintiff classes and later consolidated the actions. The parties eventually settled the suits, and the district court dismissed the actions with prejudice. The court conditioned dismissal on the parties' compliance with the settlement agreement, which the court incorporated into its consent decree.

The residents then brought the present action against the SLHA[4] for failing to comply with the terms of the settlement agreement. Specifically, the residents claim that the SLHA failed to maintain a "mobility counseling program"[5] for the time period they assert is required by the agreement (fifteen years) and, therefore, are in contempt of court. The consent decree provides that the SLHA, along with class counsel, will choose a private housing entity to operate the mobility counseling program, and the

---

[2]Brown v. HUD, No. 90-CV-1357; Anderson v. HUD, No. 4:93-CV-1622.

[3]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

[4]HUD did not file briefs in this appeal since no relief was sought from the department. HUD also did not participate in the proceedings before Judge Shaw.

[5]The settlement agreement provides that "[t]he purpose of the mobility counseling program shall be to promote equal housing opportunity in assisted housing for tenants and applicants of the [SLHA] and to enhance their opportunity to choose to live in areas where their race is not unduly concentrated." Brown v. HUD, No. 90-CV-1357, slip op. at 8 (E.D. Mo. Apr. 17, 1995).

-3-

contract with this entity will last "for a term of not less than 5 years."[6]  Brown v. HUD, No. 90-CV-1357, slip op. at 10 (E.D. Mo. Apr. 17, 1995).  The class members argue that, because the mobility program is for residents with one of the "105 tenant-based Section 8 certificates" for housing required by the settlement agreement, and because these housing certificates must be available for fifteen years, then it follows that the counseling program must also exist for fifteen years because those receiving the housing certificates also participate in the mobility program.  Brief of Appellants at 16-17 (quoting the consent decree).

The district court rejected this argument and refused to find the SLHA in contempt of court, holding that the class participants failed to prove by "clear and convincing evidence" that the housing authority violated the consent decree by failing to operate the mobility counseling program for more than five years.  Brown v. HUD, No. 90-CV-1357, slip op. at 7-8 (E.D. Mo. Sept. 30, 2002).  On appeal, the residents contend that this evidentiary standard of review was inappropriate and that the district court erred in refusing to hold the SLHA in contempt of court.

We review the district court's denial of the contempt motion for an abuse of discretion.  Wycoff v. Hedgepeth, 34 F.3d 614, 616 (8th Cir. 1994) (citation omitted).  Additionally, the residents have the burden of proving "'by clear and convincing evidence that the decree is being violated.'"  Mahers v. Hedgepeth, 32 F.3d 1273, 1274 (8th Cir. 1994) (quoting SapaNajin v. Gunter, 857 F.2d 463, 465 (8th Cir. 1988)).  The clear and convincing evidence standard is less than proof "beyond a reasonable doubt" but more than "bare preponderance of [the] evidence."  Kansas City Light & Power Co. v. NLRB, 137 F.2d 77, 79 (8th Cir. 1943).

---

[6]On March 1, 1995, the SLHA contracted with the Housing Resource Center, operated by Catholic Charities, to administer the mobility counseling program.  That contract was not renewed after the five-year term expired.  See Brown v. HUD, No. 90-CV-1357, slip op. at 4 (E.D. Mo. Sept. 30, 2002).

After carefully reviewing the record, we find that the residents have failed to show that the SLHA violated the consent decree by failing to operate the mobility counseling program for fifteen years. The terms of the consent decree do not specifically provide for a mobility program of this length. As the district court noted, "[i]f it was intended that the mobility counseling was to continue for the same length of time the Section 8 certificates are provided, the language of the [consent decree] should have reflected that intent in some manner as the certificates were required in 'two additional five year terms.'" Brown, slip op. at 8 (E.D. Mo. Sept. 30, 2002). Because we find that the residents failed to show, by clear and convincing evidence, that the SLHA violated the consent decree, we hold that the district court did not abuse its discretion in refusing to hold the housing authority in contempt. The consent decree was the result of negotiations among the parties; therefore, it reflects the parties' intent to continue the mobility program for only five years.

For these reasons, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-